IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 08 C 1643 |
| ) | |
| FUERTES SYSTEMS LANDSCAPING, ) | JUDGE MILTON I. SHADUR |
| INC., an Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT**

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF COOK      )

DAVID S. BODLEY, being first duly sworn upon his oath, deposes and states:

1. He is now, and has since the first day of May, 1999, been employed by the Trustees of the Midwest Operating Engineers Fringe Benefit Funds as administrative manager, and in such capacity, has personal knowledge of the matters hereinafter set forth and if called as a witness in the instant proceedings is competent to testify in respect thereto.

2. Among his responsibilities and duties, he is charged with keeping and maintaining records of contributions received by the Plaintiffs from participating employers, maintains individual records on each person, firm, and corporation required to make contributions to the Plaintiffs Funds, receives and records contributions reports made by such persons, firms or corporations, has under his supervision and direction all books, records, documents and papers

relating to such Plaintiffs Funds, and has been delegated the authority by all other Plaintiffs to coordinate and supervise the recovery of delinquent employer contributions on their behalf, receiving thereby access to all necessary information.

3. That he has examined the account of Defendant, Fuertes Systems Landscaping, Inc., an Illinois corporation, in the above-entitled action, and states that said, Defendant:

   a. Is required to submit monthly contribution reports accompanied by payment of fringe benefit contributions, under the terms of a written agreement specifying and describing such obligation;

   b. Has failed to submit to Plaintiffs the monthly contribution reports and contributions required of it, or all of them, despite repeated notification from his office to said Defendant of such delinquency.

4. Because of the Defendant's failure to submit the required monthly contribution reports, Affiant is unable to determine the amounts, if any, that may be due and owing to Plaintiffs.

5. That in his capacity as Administrative Manager, he has become familiar with the administration of multi-employer fringe benefit funds, and that the custom and usage in maintaining such funds is to require an audit of the payroll books and records of employers required to file contribution reports, in order to determine contributions due such funds.

6. That absent the performance of an audit as requested, Plaintiffs have no alternative means by which they can determine with the degree of accuracy required of them by law, the actual contributions which Defendant is required to have made to Plaintiffs and which it has failed to make.

7. On April 18, 2008, the Plaintiff Funds' auditors received some documents from Defendant for the required audit examination. However, Plaintiffs' auditors still require the following documents to complete the audit as set forth below:

- Specific job descriptions for all employees
- Quickbooks payroll reports or comparable for all employees from March 1, 2006 through December 31, 2007 showing hours worked and paid and wag rates
- 2006 Form 940; 2007 Form 940
- 2006 Illinois 941's for all four quarters
- 2006 time sheets for all other employees not reported to Local 150
- 2007 payroll tax returns for all four quarters including 941's, Illinois 941's, and Illinois UC-3's
- 2007 W-2's and W-3; 2007 1099's
- 2007 cash disbursement journals
- 2007 time sheets for all employees

8. That he is duly authorized by Plaintiffs in the making of this Affidavit, has personal knowledge of the matters set forth above, and if called as a witness is competent to testify thereto.

9. That he makes this Affidavit in support of the application of Plaintiffs for an order requiring an audit of the payroll books and records of Defendant and requests that this Court consider it as proof in support of the allegations contained in the Complaint and such other facts as herein set forth.

FURTHER AFFIANT SAYETH NOT.

_____
DAVID S. BODLEY

SUBSCRIBED AND SWORN
TO before me this  1st
day of May 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
NANCY AMABILE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/09

I:\MOEJ\Fuentes Systems\2008\bodley affidavit.bpx.df.wpd

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Affidavit of David S. Bodley) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 2nd day of May 2008:

>Mr. Rafael G. Hurtado, Registered Agent
>Fuertes Systems Landscaping, Inc.
>2007 Cumberland Drive
>Plainfield, IL   60544

>/s/   Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\MOEJ\Fuertes Systems\2008\bodley affidavit.bpa.df.wpd